# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

GERALD ARCHULETA,

        Petitioner,

vs.                                                                        No. CV 19-00711 KG/LF

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM OPINION AND ORDER DISMISSING PETITION FOR THE COURT TO ORDER THE REQUIRED/NEEDED DRUG TREATMENT (RDAP) PROGRAM

THIS MATTER is before the Court on the Petition for the Court to Order the Required/Needed Drug Treatment (RDAP) Program filed by Petitioner, Gerald Archuleta, on August 2, 2019. (Doc. 1). The Court will dismiss the Petition for lack of jurisdiction.

## THE LAW REGARDING THE RDAP PROGRAM

Congress directed the Bureau of Prisons (BOP) to "provide residential substance abuse treatment ... for all eligible prisoners." 18 U.S.C. § 3621(e)(1)(C). The statute defines an "eligible prisoner" as one "who is (i) determined by the Bureau of Prisons to have a substance abuse problem; and (ii) willing to participate in a residential substance abuse treatment program [.]" *Id.* § 3621(e)(5)(B). An inmate must meet certain criteria to be eligible for the residential drug abuse treatment program, including (1) having a verifiable documented drug abuse problem, (2) having no serious mental impairment which would substantially interfere with or preclude full participation in the program, (3) signing an agreement acknowledging his/her program responsibility, (4) ordinarily, being within thirty-six months of release, and (5) the security level

of the residential program institution must be appropriate for the inmate. 28 C.F.R. § 550.56(a) (2000); *Wilson v. Kastner*, 385 F. App'x 855, 856–58 (10th Cir. 2010).

The RDAP is a program implemented by the BOP pursuant to 18 U.S.C. § 3621(e)(1), which directs the BOP to provide substance abuse treatment for inmates with substance abuse problems. Under the Act, the BOP is required to conduct an individualized assessment of each inmate to determine if the inmate should be placed in an RDAP. Upon successful completion of the RDAP, the BOP may, in its discretion, reduce the sentence of a prisoner convicted of a nonviolent felony pursuant to § 3621(e)(2), which states:

> "(2) Incentive for prisoners' successful completion of treatment program--
> (B) Period of custody.--The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."

18 U.S.C. § 3621(e)(2)(B). *See also Lopez v. Davis*, 531 U.S. 230, 241 (2001) ("When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."). The Act, however, does not guarantee RDAP placement, but only directs the BOP to consider eligibility of an inmate for an RDAP program. *Wilson v. Kastner*, 385 F. App'x at 856–58.

## ANALYSIS OF PETITIONER ARCHULETA'S CLAIMS

The record does not indicate that Archuleta has requested or received a decision of the BOP for RDAP treatment. Instead, he asks the Court to Order the BOP to enter Petitioner "into the 500 Hour RDAP (Drug Abuse Program) with its Community Out Patient Aftercare." (Doc. 1 at 2). BOP regulations do not authorize a prisoner to seek a post-sentencing order for entry into the RDAP program. To the contrary, a district court may not encroach upon the BOP's authority to decide the terms of a prisoner's confinement, including participation in BOP programs, during the

pre-release period. *See Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 469–70 (10th Cir. 1992); *United States v. Laughlin,* 933 F.2d 786, 789 (9th Cir.1991). Archuleta's request is premature until the BOP has acted on a request for RDAP treatment. *See Garza v. Davis,* 596 F.3d 1198, 1203 (10th Cir.2010); *Reyna v. Ledezma*, 415 F. App'x 926, 927 (10th Cir. 2011). Only after the BOP has acted on Petitioner's request may a district court review the BOP's decision. *Wilson v. Kastner*, 385 F. App'x 855, 859 (10th Cir. 2010). The Court will dismiss Archuleta's Petition without prejudice to a habeas corpus petition for judicial review of the BOP's decision on a proper § 3621(e) request.

Moreover, 18 U.S.C. §§ 3621 and 3624 govern the duration and conditions of imprisonment by the BOP. A petition raising issues related to the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *see Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011). A 28 U.S.C. § 2241 petition filed in the District of incarceration is a proper means to challenge BOP's decision regarding eligibility for RDAP placement. *See*, *e.g.*, *Manni v. English*, 727 F. App'x 530, 532 (10th Cir. 2018). To the extent Archuleta seeks habeas relief under those statutes, he may only proceed against his immediate physical custodian in the District of his incarceration. *Rumsfeld v. Padilla,* 452 U.S. 426, 442-43 (2004). Although Archuleta was sentenced in this Court, his Petition indicates that he is incarcerated at the FCI La Tuna. (Doc. 1 at 1). Although FCI La Tuna may have some facilities physically located within the geographic boundaries of the State of New Mexico, for judicial purposes, FCI La Tuna is in the Western District of Texas. *See* www.bop.gov/locations/institutions/lat/. Therefore, this Court lacks jurisdiction to grant him relief on his Petition under § 362.

**IT IS ORDERED** that the Petition for the Court to Order the Required/Needed Drug Treatment (RDAP) Program filed by Petitioner, Gerald Archuleta, on August 2, 2019, (Doc. 1) is **DISMISSED** without prejudice for lack of jurisdiction.

_____
UNITED STATES DISTRICT JUDGE